UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MELANIE JOYCE SAVAGE,                          Civil No. 10-3431 (JRT/JSM)

    Plaintiff,

v.                                                                    **REPORT AND
                                                                      RECOMMENDATION**

CCP ADMINISTRATIVE OFFICE,

    Defendant.

_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"). (Docket No. 6.[1]) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that she will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per</u> <u>curiam</u>).

_____

[1] Plaintiff neglected to sign her original IFP application, (Docket No. 2), so she was required to either sign that application, or else file an amended application. (<u>See</u> Order dated August 23, 2010; [Docket No. 3].) Plaintiff apparently elected to sign the original application, and that signed IFP application, (Docket No. 6), is now before the Court.

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, plaintiff is attempting to sue a defendant identified as "CCP Administrative Office," which apparently is plaintiff's former employer. The Court previously reviewed plaintiff's original complaint, (Docket No. 1), and found that plaintiff had failed to plead an actionable claim for relief, because she did not adequately describe the factual and legal bases for her lawsuit. On August 23, 2010, the Court entered an order, (Docket No. 3), which informed plaintiff that her original complaint was fatally defective. However, plaintiff was granted leave to file an amended complaint, so she could try to cure the defects found in her original pleading.

The Court's previous order specifically advised plaintiff that her original pleading was defective because she had "not described any act or omission by defendant that allegedly violated some particular federal law." The Court provided clear instructions about what plaintiff would have to plead in an amended complaint in order to state a viable cause of action. Plaintiff was advised that "the amended complaint must provide a much more complete explication of the factual and legal grounds on which plaintiff's claims are based." (Order dated August 23, 2010, p. 2,

[emphasis in the original].)  The Court also expressly cautioned plaintiff that she "must identify what federal law defendant allegedly violated, and she must describe how defendant allegedly violated that law."  (Id., [emphasis added].)

On September 16, 2010, plaintiff filed an amended complaint, (Docket No. 5), and that new complaint is now before the Court.  Unfortunately, plaintiff completely disregarded the clear pleading instructions provided by the Court's prior order.  She has not identified any federal law on which her action is based, and she has made no effort to describe how the named defendant allegedly violated any federal law.

The form on which plaintiff submitted her new complaint includes a section that directed her to identify the legal basis for her lawsuit.  (See Amended Complaint, [Docket No. 5], p. 3, § 4.)  However, plaintiff simply left that section of the form completely blank, and she has made no other effort to identify any legal basis for her lawsuit.

The "Statement of the Claim" section of the complaint form includes a paragraph of instructions , which reminded plaintiff to fully describe the factual basis for her claim against defendant.  Plaintiff was directed to "include a specific explanation of how, where, and when" the defendant "violated the law."  (Id., pp. 3-4.)  In this section of the amended complaint, plaintiff has alleged only the following:

> "I believe I was wrongfully terminated. [ ¶ ]  1) I was terminated for the companies [sic] own business purpose. 2) I was not treated fairly based on the statue [sic] guidelines.  3) My name was tournished [sic] by false allegations.  4) I was refused unemployment then the judge of unemployment granted after hearing."

(Id., p. 4, § 7.)

Plaintiff's amended complaint obviously suffers from the same fatal defects that were found in her original pleading.  Plaintiff still has made no effort to identify any specific federal statute or case law on which this action purportedly is based. Furthermore, plaintiff has presented only general and conclusory accusations against defendant, (i.e., she "was wrongfully terminated," she "was not treated fairly," her name "was tournished [sic] with false allegations," and she "was refused unemployment").  Plaintiff still has not described any specific acts or omissions by the named defendant that prompted her to bring this action.[2]

In sum, plaintiff has flouted the pleading instructions provided by both the Court's prior order, and the form that she used to prepare her amended complaint. As a result, plaintiff has not identified any specific legal basis for her lawsuit, and she has not described any specific facts that could support an actionable claim against the named defendant.  Thus, the Court concludes that, even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's amended complaint fails to state a cause of action on which relief can be granted.  Because plaintiff has failed to plead an actionable claim, her IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C.

---

[2]  In the previous order in this case, the Court noted that plaintiff submitted her complaint on the form that is to be used by individuals who claim they were subjected to some form of discrimination that is barred by federal law.  However, the Court further noted that plaintiff did not mention any federal anti-discrimination law in her original complaint, nor did she allege any facts suggesting that she had been subjected to any illegal discrimination.  Plaintiff still has not mentioned any anti-discrimination law in her new complaint, and she still has not alleged any facts that would support a claim under any such law.

§ 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 6), be DENIED; and

2.    This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:    September 23, 2010

s/ Janie S. Mayeron
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 7, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.